# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 11, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

162949 & (5)

UNLOCK MICHIGAN, GEORGE
FISHER, and NANCY HYDE-DAVIS,
          Plaintiffs,

v                                                         SC:  162949

BOARD OF STATE CANVASSERS,
SECRETARY OF STATE, and DIRECTOR
OF THE BUREAU OF ELECTIONS,
          Defendants.

_____/

On order of the Court, the motion to intervene is GRANTED.  The complaint for mandamus is considered, and mandamus is GRANTED.  We direct the Board of State Canvassers (the Board) to certify the Unlock Michigan petition as sufficient.  The Board's duty with respect to petitions is "limited to determining the sufficiency of a petition's form and content and whether there are sufficient signatures to warrant certification."  *Stand Up for Democracy v Secretary of State*, 492 Mich 588, 618 (2012).  In reviewing the petition signatures, the Board's role is circumscribed to "canvass[ing] the petitions to ascertain if the petitions have been signed by the requisite number of qualified and registered electors."  MCL 168.476(1).  In doing so, the Board may use "[t]he qualified voter file" and "the registration records by the clerk of any political subdivision" in order "to determine the validity of petition signatures by verifying the registration of signers and the genuineness of signatures on petitions when the qualified voter file contains digitized signatures."  MCL 168.476(1).  The Board's investigatory powers under MCL 168.476(2) relate only to the objects of investigation listed in MCL 168.476(1), i.e., whether "the petitions have been signed by the requisite number of qualified and registered electors."  Consequently, "an investigation that goes beyond the four corners of the petition itself (i.e., the validity of the signatures or registration status of the electors) into the circumstances by which the signatures were obtained . . . is clearly beyond the scope of the board's authority set forth under MCL 168.476(1)."  *Michigan Civil Rights Initiative v Bd of State Canvassers*, 268 Mich App 506, 519-520 (2005).

In the present case, the Board approved the form and content of the petition in July 2020.  The Bureau of Elections analyzed the signatures using a random sampling method

and estimated that Unlock Michigan submitted at least 460,000 valid signatures when they only needed about 340,000. The Board rejected, by deadlocked vote, a motion to investigate the collection of signatures. The Board thus has a clear legal duty to certify the petition.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 11, 2021



Clerk

b0608